IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE MANOS,

          Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

          Defendant.

3:13-cv-01419-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

      Plaintiff George Manos filed this action on August 13, 2013, seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his application for disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). This court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Page 1 - OPINION AND ORDER

On March 23, 2015, this court issued an Opinion & Order reversing and remanding the Defendant's final decision denying Plaintiff's application for disability and disability insurance benefits based on the Administrative Law Judge's ("ALJ") failure to properly develop the medical record (#22) as to limitations related to Plaintiff's pseudoseizures. Now before the court is Plaintiff's Motion for Attorney Fees (#24) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

Defendant opposes Plaintiff's motion and argues that her position was "substantially justified," and EAJA fees are therefore inappropriate in this case. Def.'s Response, #27, 2. A "substantially justified" position is one that "a reasonable person could think is correct [or] has a reasonable basis in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 566 n.2 (1988)). Defendant supports this contention by citing to the same facts Defendant offered in support of her initial assertion that the ALJ sufficiently developed the medical record. Defendant points to the fact that the ALJ held "multiple hearings" and received "extensive medical expert testimony." As explained in the analysis I provided in support of my Opinion & Order, #22, 17–20, plentiful evidence exists in the record that shows the "multiple" hearings, three in total, were only so multiple because the first two hearings were cursory, incomplete, and marred by the medical experts' lack of knowledge on the relevant limitations. The second hearing was even truncated because the testifying medical expert had to accept a telephone call. Moreover, the medical experts providing testimony admitted limitations in their ability to speak to relevant the psychological issues. While I agree with Defendant insofar as she argues "[p]hysicians who do not specialize in mental health . . . are competent to provide psychiatric evidence." Def.'s Response, #27, 3 (citing *Lester v. Chater,* 81 F.3d 821, 833 (9th Cir. 1995)), I do not find it

Page 2 - OPINION AND ORDER

reasonable to argue that a physician competently provided psychiatric evidence when he himself ended his undetailed testimony on the issue with the suggestion, never acted upon, that "a psychiatrist should be the person to say whether he's disabled from it." Opinion & Order, #22, 20 (citing Tr. 48).

Thus, I reject Defendants opposition and grant Plaintiff's Motion for Attorney Fees (#24). Based on Plaintiff's declaration of assignment (#25), attorney fees will be paid to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees and costs, pursuant to the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

If Plaintiff has no such debt, then the check shall be made out to Plaintiff's attorney and mailed to Plaintiff's attorney as follows: Merrill Schneider, P.O. Box 14490, Portland, Or 97293. If Plaintiff has a debt, then the check for any remaining funds after offset of the debt shall be made to Plaintiff and mailed to Plaintiff's attorney's office at the address stated above.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion (#24) is Granted and attorney fees in the amount of $2,845.12 and costs for filing fees in the amount of $400 shall be awarded to Plaintiff as detailed above pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

IT IS SO ORDERED.

Dated this 3rd day of August, 2015.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge